Thank you, your honor. I stand before the court today in a unique position in my career, namely to argue that documents that I've never seen are nonetheless attorney-client and work-product privilege. And I think the uniqueness of that position demonstrates the correctness of the first issue that I've raised. I raised it in the district court and I've raised it before this court. He's entered a plea of guilty, right? Correct. Why isn't this, what's, is it moot? The whole proceeding moot? Your honor, I do not believe it's moot. Certainly, I would say, as any good attorney would do in a case like this, we don't simply proceed during a case looking at issues of guilt or innocence only. We've been dealing with sentencing issues, I would say, as long as I've been on this case, which is approximately two years. So I'm personally aware of documents that were shared between Mr. Brice and I that related to sentencing issues. Issues that, quite frankly, and I say respectfully, the government's simply not entitled to know right now. There was a provision in the plea agreement about, about pending, about pretrial motions. They were all waiving any pretrial, I can't find it. Correct. In the plea agreement, it had said that pending pretrial motions were waived. And it is not a conditional plea. So I would agree that, according to the plea agreement, those issues would, issues of suppression, let's say, that were filed would be waived. However. This isn't? No, because by, at the time of the plea agreement, this issue was already before this court. So the district court would not have jurisdiction at the time that the plea agreement was entered to, to waive it. Let me just mention something for your benefit and Mr. Smith. Our panel in the record, we have the documents that were seized, which we, like the district court, can review in camera, you know, can and will, or have, so that anything you want to say about that, you're welcome to say. I'll say that the problem for me makes this case hard is having it come up on a mandamus. Because normally there's, there's not jurisdiction, you know, at this stage without some extraordinary showing, which normally requires a showing of clear air. And Mr. Campbell would have to be a magician to show clear air without seeing the documents. So it's sort of a very tricky issue, as I see it. Yes, Your Honor, and I'll do my best to work my magic. Looking at the mandamus factors, obviously the most determinative under this circuit's case law and other case law is whether the district court's order is clearly erroneous. And I believe in this case that it was. And in making that claim, I would, I'd like to steer the court toward my first issue, which is, in essence, there was no reason why the district court or why this court could not disclose the documents to me. And with all due respect to Judge Succo, as well as the judges here, I believe that I am the one person, essentially in the world, most qualified to offer an opinion as to whether these are attorney-client privilege or work product privilege because their documents, the documents involved that they searched through are documents that were shared by Mr. Bryce and myself. I have not had the opportunity to effectively present my case simply because I've never been given the documents. And there is no privilege that prevents disclosure of those documents to me. They were Mr. Bryce's documents. They were in his cell. I have, there's no reason why we could not get access to the documents. The government has limited rights to access documents, and they're generally precluded from attorney-client privilege and work product privilege documents. So my position is that, and I asked Judge Succo this numerous times. I asked it on the very first hearing on the 22nd. I asked it on the next hearing on the 23rd to disclose these documents to me. And Judge Succo asked the government about that. The government said, well, we'll probably disclose them. We might very well disclose them, but it would be unwise to do it now. But there's never been a case or a rule or a privilege, common law, cited as to why I couldn't be given copies of those documents so that I could make my case. You would want us to have those documents tendered to you under some sort of protective order so that you're restricted. Precisely. From disclosing them to someone else. Precisely. Then you'd want to write a supplemental brief on any of them that you think are privileged. Correct, Your Honor. One to 99 can go to the government, but 100 are certain documents that are privileged for these reasons that you state. Yes. And now the government, they had to respond to something like that because they haven't seen the documents, right? Because they were tendered to the court. So how do they respond to your brief? Do they get the documents then, too? Your Honor, in all candor, I think that to the extent that I don't think I should have to waive attorney-client or work-product privilege in order to make the case that they're attorney-client or work-product privileged. I think that there are other contexts in which parties are allowed to essentially make ex parte presentations to the court. Certainly if there's a dispute between a client and his attorney about the direction of a case, the client may want to discharge his attorney. Typically those hearings would be held ex parte. There are simply some hearings or some issues that are addressed ex parte because one party or the other doesn't have a right to have that information. And respectfully, I think this is one of those issues where I shouldn't have to waive the privilege in order to argue that it's privileged. And if the government were given the opportunity. Counsel? Yes. To interject, I'm sorry, but you said that these were documents that you had provided to your client. Did I mishear that? In other words, you had at one point access to these documents, and then they wound up in your client's possession, at least some of them. Is that correct? Your Honor, I may have slightly misstated. What I meant to say was that I have generated many documents that would be protected by either or both privileges. Those have been given to Mr. Bryce. He had those in his cell. Okay. He has returned some of the documents. I do not know. Counsel, just a second. Do you have a record of documents that you have made available to your client such that you would have been able to alert Judge Suko as to what kinds of documents you felt were in your client's possession that would be either attorney-client or work product? Sort of a privileged list. I don't think I could try to generate such a document list, Your Honor. In all candor, I don't. You didn't and haven't done that so that what he got was, let's say, a file box of documents that he went through then, and exercising his judgment made a determination as to whether there was a colorable claim of work product or attorney-client. And your argument is, well, you should have been able to get access to the file box so you could make the arguments to him why any of them was either attorney-client or work product, correct? That's correct. But that you didn't have the ability or you didn't do it, you didn't list the kinds of documents that you were concerned that your client may have had in his possession that you considered, based on your own knowledge, attorney-client and work product. That's correct, Your Honor. And the only answer I can give the Court is this is a voluminous case with thousands of pages of discovery and the like. At the time, it seemed impractical to me to come up with a list such as Your Honor has categorized. Because you don't really know of documents you've given to Mr. Bryce. You don't know how many of those, if any, were in his cell when the documents were taken, right? Your Honor, I don't know precisely what documents were taken. Again, this case had been going on for some time. There have been documents passed back and forth. There's literally thousands and thousands of pages of discovery. Mr. Bryce has been moved from one facility to another numerous times. I would state that it would be impossible for me to be able to determine what's in there, simply based on pure logistics. How about Mr. Bryce? Did you talk to him and ask him what he recalled being in there? I think to answer that question, I might be violating privilege, but I would state again that You're not waiving it. I don't want you to waive the privilege. We don't want you to violate anything we're waiving. Did you have the ability to check with him to determine whether or not he could identify? Your Honor, I've met with him and certainly discussed the issue. But again, due to the length of this case, the number of moves, the number of documents involved, I would state that it's impractical to impossible for Mr. Bryce to determine exactly what was taken. He was moved. He didn't see the search. He has no idea. Could I make a practical suggestion? I don't want to cut off if my colleagues have more questions for you now. What I'd suggest is we let the government argue. And although your time is up, we'll give you a minute or two for rebuttal. And we'll hear whether the government sees an answer to this conundrum. Thank you, Your Honor. It seems like Spokane has a way of serving up hard issues. Thank you, Your Honor. May it please the Court, Russ Smoot for the United States. Your Honor, I guess typically the government's in the position of responding to a brief but not necessarily asking for anything in return other than affirmance or upholding a district court's order. In a sense, we are in that same position as well, except for one minor change, that the government is in the position, in this case, of asking a few things from this Court. First is to deny the writ of mandamus, deny the request for relief that the defendant seeks here today. And secondly, through that denial, to lift the stay on this material so that the United States can review it. And as stated in the record, most likely disclose it accordingly. Counsel, in that regard then, because that was my question, what happens if we deny this? Am I correct in my understanding that the trial team has not had access to these documents? The U.S. Attorney has, I assume. Yes and no, Your Honor, and let me explain that answer. In terms of the trial team, the search was initially conducted in cursory review of documents in the cell. The case agent from the FBI was involved, and then the same case agent from the FBI gave a more thorough review after an intermediate review of the documents to look for any privileged material. So in a sense that the case agent for the FBI is part of the trial team, yes, those documents have been reviewed. From my perspective, as the record reflects, the case agent brought me two documents and a photocopy of a photograph that was taken inside the cell. I reviewed those. I did not review any of the other documents. As I instructed, they were placed in sealed envelopes that were passed through the district court review and then on to this court. While the case agent would have alluded that there may be some helpful information in there, we were very careful not to learn any details about any of the documents or anything that may ultimately violate the imposed stay that we created in the estate. Okay, I get the point. I get the point. So my question then is, in the posture of this case, what you're saying is, now he's pled, so I'm not sure what these are going to be used for, but is that right? He has pled? That is correct, Your Honor. He entered a plea. Yeah, that's what I thought. Okay, yeah. Okay, so what you're saying is that now the government will have access to these documents. The only folks who have been able to verify that there is not a tolerable claim of privilege are Judge Suko and the judges on this panel. So now what's going to happen if we dismiss the interlocutory and deny mandamus is that the government will have all of these documents and counsel for Mr. Bryce won't have any access to them at all. Is that correct? Not necessarily, Your Honor. As the United States has indicated to the district court, as well as in its brief, it's not taking a hard line that the documents will not be disclosed upon review. The matter at this point is that the United States believes it's not prudent to turn over the documents in the blind without knowing what they contain. I don't understand. I don't know if Judge Fisher has. Go ahead. I was just going to say, why does the government object to letting his counsel review the documents? I don't understand. You don't claim they're secret, do you? I don't know. For one reason. Well, they came from the defendant, right, in his cell? Correct. But that would involve disclosure to a third party. While the third party is counsel for the defendant, that does not necessarily mean that those are documents that the defendant intended for counsel to have or see. It may very well be that that's not an issue, but until the United States has been able to review that. Do you have any reasonable basis to think that he obtained classified documents or something like that? No. Not in terms of. Did you hint to the district court that that might be a reason why his counsel should not be allowed to see these documents? No. The whole claim here is that their claim is that these were privileged documents, either attorney-client or work product. Now, I don't know how, you know, that's going to fit here. And I do note that in the declaration that was filed by counsel here, he doesn't say like Judge Fischer outlined, you know, I provided my client with documents reflecting my thoughts and notes and strategies on this case, and they might well be contained in this packet of material, or that I sent written communications to my client. None of that is in here. But nonetheless, I don't understand why the government objected. Really, I don't. I just, I don't get it. All I can say is it's a matter of not knowing what is turning over. Let me ask you a question. Would the government object if our court were to tender the documents to Mr. Campbell under an order of confidentiality and give him the chance to write a supplemental brief if he contends that any of those documents are privileged and shouldn't go to you? Well, Your Honor, I think that the court can fashion that type of relief. In terms of objection, the United States certainly wouldn't be in the position that it was in as the possessor of those documents and being concerned about turning them over in the blind because another authority would be doing that. But I would suggest that simply the denial of a writ of mandamus would produce probably the best result in this case. And the reason being is not only does the United States believe that the factors or the, I should say, the five guidelines as the court has described in terms of writs of mandamus would suggest that it should not be granted, but ultimately the United States bears the risk in terms of its investigations and how that applies at trial. Part of that means is that in one of the factors of the writ of mandamus, a defendant is unable to have any further relief. This is why these types of issues were disregarded in Cohen or not included in the Cohen because there is the relief of direct appeal. If the United States has the opportunity to review the documents, the United States may ultimately set up a wall of review. It may not. It may do whatever process it does to review those documents prior to turning them over. But ultimately, if there is any error, then that can be addressed on appeal. The defendant has pled guilty. So in terms of any presuming, assuming that there is attorney-client privileged information in there that affects a trial strategy, that issue arguably the United States would say is moot. In terms of whether or not there's any lingering sentencing issues, the United States would also argue that that is either moot or is not relevant in terms as it would be in trial strategy because the district court can disregard anything that's presented. It seems to the United States, Your Honor, that the simple process in this would be simply to deny the writ of mandamus, which it could be denied upon the court's review of the documents. On the third factor is that if the court finds that there is no clear error, then that would be sufficient to deny it. It could be denied because the defendant has other relief. It could be denied because at this point there's no risk of irreparable harm, given that the defendant has now pled guilty and admitted guilt. Now, could we, if we denied the mandamus, and it looks like there's no direct collateral order appeal under Mohawk, if we denied the mandamus and then we're going to lift the stay on those documents going to you, could we in such an order provide that the documents also go to Mr. Campbell at that time so that it's like at least if he feels like he's lost something on privilege, after the fact that sentencing he can argue that? What's the harm of doing that if they're not national security documents, they're not classified, and they were in the cell of his client? So what's the harm of him getting them and not, under an order that he's not to disclose them? Like if there was a document that said, I'm going to conspire with X, Y, and Z to blow up the Brooklyn Bridge, and the government's investigating that for some other case, that Mr. Campbell isn't going to call up other targets and warn them because he's under order. And what's the government's harm if the documents went to him at the time they went to you? I don't know if there would be any harm at all, Your Honor, having not seen the documents. I simply, as district court counsel, felt it was prudent to take a cautious approach and not turn them over in the blind. Okay. And we've seen the documents, but we're under the disability of not having a knowing brief from Mr. Campbell as to why he would contend any of your privilege. He might very well look at them all and say he doesn't think there's any privilege. We don't really know. Okay, well, thanks. It's a very hard problem. Thank you, Your Honor. Thanks. Mr. Campbell, having brought us this problem, what do you have to say now? Thank you, Your Honor. I think really, and Your Honor has touched on this, what I'm requesting in form of relief I think is actually relatively narrow. I'm simply asking for the opportunity to present either to this court or if it were remanded to Judge Succo the opportunity to make my case. And Judge Gould has brought up the idea of a protective order. I would have no objection to a protective order stating that the only purpose for me reviewing these documents is simply to brief this case and that I cannot share them with anyone. I would have no objection to that. That would seem appropriate. That's all we're seeking right here. What's telling from the government is, again, there is no real privilege or there's no real argument from the government as to why I can't get them. And, again, subject to the protective order that Judge Gould has spoken of, if the government is concerned or the court were concerned that perhaps Mr. Bryce doesn't want me to see these, I will submit in the form of a 28-J letter a waiver from Mr. Bryce if that's a serious issue. And in regard, there's been some discussion about the fact that Mr. Bryce has pled guilty. Again, sentencing is... There are two very different theories under which we could tend to the documents to. One would be before they go to the government, which is, I'm sure, what you'd prefer, so you could argue to us why something's privileged and shouldn't go to them. And the other would be just to provide that when they go to the government, at that time they go to you. And I'm having trouble understanding how this could be significant for sentencing if we did the latter. Well, I think the significance there is, again, that doesn't really give me a chance to make my case, at least not in a meaningful fashion. Once the government finds out information that it may not be entitled to... When the guy's pleaded guilty. Because sentencing is still a viable issue. The plea agreement leaves sentencing completely open. Mr. Bryce could be sentenced anywhere from time served to the stat max for these offenses. So Mr. Bryce and I, I will say this much, have certainly discussed and shared documents that are relevant to sentencing, both in the terms of arguments that we would like to raise at sentencing, but also in terms of things that we don't believe we want to raise in sentencing. So I think the sentencing issue is extremely viable, and I'm not aware of any case law or rules that say that attorney client privilege... But first, the sentencing judge can be instructed to not consider some evidence, right? Correct. Yes, Your Honor. But, again, if we disclose this information to the government and the information is privilege, then I believe that gives the government an unfair advantage at sentencing that it's not entitled to. Okay. Well, thank you, Mr. Campbell. That's a very interesting case. And, Mr. Smoot, thank you. If the panel feels we need a supplemental comment, we'll send an order asking you to give a supplemental letter brief, but otherwise we'll try to get a decision to you as soon as we can. Unless, Judge Pizer, Judge Fischer, you have a question? Thank you. No questions. Thank you, Your Honor. Interesting case, but I appreciate the argument. The case is submitted.
judges: Fisher, Gould, Paez